**O**

**JS-6**

cc: order, docket, remand letter to
Los Angeles Superior Court, No.BC515742

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY ELLIS INTERNATIONAL INC, <br><br> Plaintiff, <br> v. <br><br> ACT FULFILLMENT, INC.; THIRD PARTY ENTERPRISES, INC., aka OPERON DISTRIBUTORS, aka PORT LOGISTICS GROUP; EVANS TRANSPORTATION SERVICES, INC.; DOES 1–50, inclusive, <br><br> Defendants. | Case No. 2:13-cv-06250-ODW(FFMx) <br><br> **ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

On August 26, 2013, Defendant Evans Transportation Services, Inc. removed this case to this Court. (ECF No. 1.) Evans contends that 28 U.S.C. § 1331 vests this Court with jurisdiction, ostensibly based on the complete-preemption doctrine. (Not. of Removal ¶ 1.) But the Court finds that Evans Transportation Services has failed to establish either complete preemption or diversity jurisdiction. The Court thus **REMANDS** this case to Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a suit filed in state court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But

courts strictly construe the removal statute against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Generally, the "well-pleaded-complaint rule" determines whether a defendant may remove a case, that is, a federal question must exist on the face of the plaintiff's complaint. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). As a corollary to this rule, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

**A.   Complete-preemption doctrine**

Despite this general rule, there is an exception: the complete-preemption doctrine. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). This doctrine provides that when a "federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* The defendant may then remove the case to federal court. *Id.* But the complete-preemption doctrine only applies when the federal law's preemptive effect is so "extraordinary" that federal law transmutes state-law claims into federal ones. *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993).

In its Notice of Removal, Evans Transportation Services asserts that this Court has original jurisdiction "because plaintiff's claims against Evans Transportation are expressly preempted by federal law, namely, 49 U.S.C. § 14501(c)(1)." (Not. of


Removal ¶ 1.)  Evans contends that Plaintiff Perry Ellis International's breach-of-contract and negligence claims "are in reality based on federal law." (*Id.*)

The statute to which Evans alludes provides,

> no State or political subdivision thereof and no intrastate agency or other political agency of 2 or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker.

49 U.S.C. § 14501(c)(1).  The Ninth Circuit has stated that Congress intended to "broadly preempt state laws" under this section.  *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1053 (9th Cir. 2009).  But while this section's preemptive effect may be strong, whether it provides for *complete* preemption is a different issue.

While no Ninth Circuit case has addressed whether this statute effects complete preemption, one federal court found that § 14501(c)(1) "does not expressly forbid state law claims . . . but rather forbids state and local 'law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier.'"  *Cent. Transp. Int'l v. Sterling Seating, Inc.*, 356 F. Supp. 2d 786, 788 (E.D. Mich. 2005) (quoting § 14501(c)(1)).  And another federal district court—specifically reviewing the statute for complete preemption—found that it is "abundantly clear that section 14501(c) does not create federal question jurisdiction." *Carolina Cas. Ins. Co. v. Tony's Towing, Inc.*, CA 11-0299-C, 2011 WL 4402147, at *4 (S.D. Ala. Sept. 22, 2011).

The Court finds the reasoning of these cases persuasive.  Congress limited § 14501(c)(1)'s language to only state and local regulations "relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker"—not just any state or local law.  If Congress wanted to completely preempt state law, it is doubtful that Congress would have used such precise language.  Indeed, this limited language belies the complete-preemption notion Evans advances.

The Court accordingly finds that Evans has failed to establish federal-question jurisdiction.

**B.     Diversity jurisdiction**

Evans also attempts to invoke diversity jurisdiction.  (Not. of Removal ¶ 1.) Evans tersely states that "Plaintiff, Perry Ellis International, Inc. is a Florida corporation.  Defendant ACT Fulfillment, Inc., is a California corporation, defendant Third Party Enterprises, Inc., is a California business entity[,] and defendant Evans Transportation is a Wisconsin corporation."  (*Id.*)

But Evans Transportation Services does not state where these corporations have their principal places of business.  This omission is fatal to establishing diversity on removal.  If one of these entities has a principal place of business in California, that would destroy diversity.  28 U.S.C. § 1332(c)(1) (stating that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and of the State or foreign state where it has its principal place of business*" (emphasis added)).  Given Evans Transportation Services's high burden to establish federal jurisdiction on removal, the Court finds that it has not established diversity jurisdiction.

**C.     Conclusion**

Since Evans Transportation Services has not adequately demonstrated either federal-question or diversity jurisdiction, the Court finds that it lacks jurisdiction and **REMANDS** this case to Los Angeles County Superior Court, case number BC515742.

**IT IS SO ORDERED.**

August 30, 2013

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**